O’NIELL, J.
This is an action for the value of half of a crop of cotton and corn raised by the plaintiff on the defendant’s farm, under a contract of employment, and for damages for personal injuries inflicted by the defendant in dismissing the plaintiff from the farm. The suit was for $5,540; that is, $420 for the value of half of the cotton crop, $120 for the value of half of the corn, and $5,000 for damages for personal injuries inflicted upon the plaintiff by the defendant’s assaulting and beating him, in dismissing him from the farm, in violation of the contract of employment. As the crop was only partly gathered and sold when the suit was filed, the plaintiff had the part remaining in the field or in the defendant’s possession seized under a writ of sequestration.
The defendant, after the filing and overruling of an exception to the cumulation of the demand for damages with the demand for the value of half of the crops, and after an unsuccessful motion to dissolve the writ of sequestration, answered the suit, admitting the contract of employment, denying that he was indebted to the plaintiff, and alleging that the plaintiff himself had violated the contract by abandoning the crop in the field, and that he (defendant) was justified in striking the plaintiff in defending himself against an assault. The defendant further alleged that the plaintiff was indebted to him in the sum of $220 for supplies furnished while he was cultivating the crop. He prayed that the plaintiff’s demand be rejected and the writ of sequestration dissolved, and for judgment against the plaintiff for damages for an illegal sequestration of the crop. Judgment was rendered in favor of the plaintiff, declaring him the owner of half of 4 bales of cotton and 59 bushels of com, and ordering the defendant either to deliver the half of the crop to the plaintiff or to pay him the value of it, less the sum of $S8 allowed the defendant as a credit for the supplies he had furnished. Of the demand for damages for personal injuries inflicted by the defendant upon the plaintiff in forcibly dismissing him from the farm, the court gave judgment in favor of the plaintiff for $750. The defendant prosecutes this appeal, and the plaintiff, answering the appeal, prays that the amount of the judgment be increased to the sum claimed in his petition.
Opinion.
[1] With regard to the defendant’s exception to the cumulation of a demand for damages with the demand for the value of half of the crop made by the plaintiff, our opinion is that both claims arose from the defendant’s violation of the contract of employment — one from the violation itself; the other from the violence used in the act of violating the contract. We do not mean to decide here that the damages for personal injuries arose ex contractu, and not ex delicto, for that question is not at issue in the case. The only exception to the right of a plaintiff to cumulate separate actions or demands in the same suit, according to articles 148, 149, and 150 of the Code of Practice, is where one of the demands is contrary to or precludes another, as, for example, a petitory action precludes *49 a possessory action. Article 151 declares that a plaintiff may cumulate in the same suit several causes of action tending to the same conclusion, provided they be not contrary to or exclusive of each other. There is no inconsistency in the two causes of action that are cumulated in this suit. In fact, they are as closely related as were the demands in the case of Enders v. Skannal, 35 La. Ann. 1000, where the court approved the cumulation and allowance in the same suit of a demand for damages for an offense committed in the manner of violating a contract of lease, together with a demand for damages for the violation of the contract itself. Our opinion is that the district judge was not in error in overruling the defendant’s exception to the cumulation of the demands made in this case.
[2, 3] The motion to dissolve the writ of sequestration was based upon the fact that, of the two sureties who signed the sequestration bond, the name of one was not written in the body of the instrument, and the other failed to annex to the bond the oath required by section 4 of Act No. 112 of 1916 as to his solvency. One surety on the bond was sufficient. The one whose name was not written in the bond, but who signed the instrument immediately under the signature of the principal, did annex his oath, swearing that he was'worth, over and above all his debts and obligations, in assets that could be subjected to levy under execution, the amount for which he bound himself in the bond. It is too well settled to require citation of authority that a bond required in a judicial proceeding is not invalid merely because the name of the surety is not written in the body of the -instrument, provided the surety has otherwise plainly indicated the capacity in which he has signed, as, for example, if he has signed on the line immediately under the signature of the principal, where the signature of a surety ought to be. In this instance the surety whose name was not written in the body of the instrument declared in his oath, annexed to the bond, that he had signed it as surety. There was no error in overruling the motion to dissolve the writ of sequestration.
On its merits, the ease presents only questions of fact, as to which the testimony is somewhat conflicting. A review of the evidence does not disclose any cause for reversing or amending the judgment. On the contrary, our opinion is that the district judge has rendered justice unto both parties.
[4] In a motion for a new trial in the district court the defendant complained of that feature of the judgment recognizing the plaintiff to be the owner of half of the crop that had not been sold, and giving the defendant the option of delivering it to the plaintiff, or of paying its value. Although that part of the decree perhaps goes further than the- prayer of the plaintiff’s petition, it is altogether favorable to the defendant, and, as the plaintiff is not complaining of it, we see no reason for annulling it.
The judgment appealed from is affirmed.
PROVOSTY, J., absent on account of illness, takes no part.