No. 2953

Second Circuit

---

WALKER, JR. v. SHOLARS

---

(May 13, 1927. Opinion and Decree.)
(June 28, 1927. Rehearing Refused.)
(July 2, 1927. Writ of Certiorari and Review Applied for.

---

*(Syllabus by the Court.)*

1. Louisiana Digest—Master and Servant —Par. 164, 166.

Where the owner of an automobile places it at the disposal of a friend of his with the statement to a mutual friend of both the owner of the car and of the person at whose disposal it is placed who is to drive the car, "I want the groom (the friend at whose disposal he placed the car) to use my car in any way he cares to, and if he wants to take the car himself and go to Asheville on his wedding trip it is perfectly all right with me." the automobile is in charge of and subject to the control of the groom, and the mutual friend driving the car is as much the agent of the groom as he is of its owner; and such owner will not be liable for injuries received by the groom in an accident to the car caused by negligent driving on the part of the mutual friend for the reason that the

driver is not in the owner's employ nor engaged in his business.

Potts vs. Pardee, 220 N. Y. 431, 116 N. E. 78.

2. Louisiana Digest—Master and Servant —Par. 164, 166.

The owner of an automobile is not liable for injuries received by a person riding therein in an accident caused by negligent driving on the part of the driver where such driver is not in the owner's employ nor engaged in his business.

Ibid. Marullo vs. St. Pasteur, 144 La. 926, 81 South. 403.

Appeal from the Fourth Judicial District Court of Louisiana, Parish of Ouachita. Hon. Percy Sandel, Judge.

Action by William A. Walker, Jr., against Allan Sholars.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

McHenry, Montgomery, Lamkin & Lamkin, of Monroe, attorneys for plaintiff, appellant.

Theus, Grisham & Davis, of Monroe, attorneys for defendant, appellee.

## STATEMENT OF THE CASE

REYNOLDS, J. This is a suit to recover damages for injuries received by plaintiff in an accident to an automobile in which plaintiff and his bride were riding.

The automobile belonged to defendant and was being driven by a competent driver, who was a mutual friend of the owner of the car and of the plaintiff and his bride, without compensation and as an accommodation to all parities concerned.

Defendant denied liability and alleged that the journey was being made solely for the accommodation and pleasure of plaintiff and his wife and without compensation either for the use of the car or the services of the driver; that the driver was careful and competent and that the accident occurred while he was using due care and without fault or negligence on his part on a public highway in the State of Mississippi.

On these issues the case was tried and there was judgment in favor of defendant and plaintiff appealed.

## OPINION

The question for decision in this case is whether or not Mr. Allen Sholars, who placed his automobile at the disposal of plaintiff for use on honeymoon and induced Mr. Francis Barringer, a mutual friend of himself and of the bride and groom, to drive the car as an occommodation to all persons concerned, without compensation for the use of the car or for the services of the driver, is responsible for injuries received by the plaintiff, who was riding in the car, by reason of the car turning over while rounding a double curve on a public highway in the State of Mississippi and which turning over is alleged to have been due to negigent driving on the part of the driver.

Mr. Francis Barringer, the driver of the car, called by the plaintiff, testified:

(Record, page 10.)

"Q. Now, at whose request did Mr. Sholars agree to take them or send them in his car?

"A. I could not definitely answer that. I know one statement that Mr. Sholars made, and he made it to me. He said that he had started out with the party in his car to go to Mr. Walker's wedding, and he wanted Mr. Walker to use

his car in any way that he cared to. He went further, and stated that if he wanted to take the car himself and go to Ashville in it on his wedding trip, it was perfectly all right with him.

"Q. You were paid nothing for that trip, were you Mr. Barringer?

"A. No, sir.

"Q. Expected nothing?

"A. No, sir.

"Q. Would not have received anything had it been offered?

"A. No, sir.

"Q. The whole trip was being made as an accommodation and convenience of Mr. Walker and his wife, is it not true?

"A. Yes, sir.

* * *

"Q. I asked you if the drive was not being made to Memphis for the pleasure of Mr. and Mrs. Walker, it makes no difference whether you or Mr. Sholars was driving?

"A. I think so."

Charles Rodriguez, a witness on behalf of plaintiff, testified:

(Record, page 17.)

"Q. And in that statement, or one of them, didn't you say: 'We could not in any way blame Mr. Barringer as he was driving carefully and did all he could to prevent the accident'?

"A. Could you tell me who I said that to, Mr. Theus? I may have said something like that, I don't remember the exact words, but I do think Mr. Barringer did everything in his power to prevent an accident. I do not think he did it maliciously or on purpose.

"Q. Now, Mr. Rodriguez, I am going to again ask you to state if you did not say to Mr. R. L. Davis after this accident, that Francis Barringer did everything he could to prevent that accident?

"A. I still say I believe Mr. Barringer did everything in his power to prevent the car from turning over."

Miss Bishop, called as a witness for plaintiff, testified, page 20.

"Q. About what rate of speed was Mr. Barringer driving the car at the time he attempted to turn the curve where the accident happened?

"A. I imagine between twenty and twenty-five miles.

"Q. About what rate of speed was the car going at the time it turned over?

"A. I don't know, but he had slowed down because we were going around the curve and I had warned him.

* * *

"Q. Did you sign a statement at that time?

"A. Yes, sir, I signed a statement, but I did not write it.

"Q. Did you read it?

"A. He read it to me. It was taken down in pencil.

"Q. Now, in that statement, didn't you say, 'We were going not over 15 miles per hour. Four miles from Shelby we come to three consecutive curves, at least one on the left was a steep incline. When this was reached, the car swerved and the rear wheel got off the side of the road'?

"A. Those are not my words at all.

"Q. Are these words not in a signed statement made by you?

"A. I signed the statement, but I did not write it. They were written by Mr. Nettles, representing the insurance company.

"Q. Did he read the statement to you?

"A. He read it to me. I did not read it.

"Q. If he read it, didn't you understand the contents of it?

"A. Yes, sir. He called me to have an interview with me, and I told him the very best I could."

Mr. Allan Sholars testified, page 60.

"Q. The facts are, you were all friends of the wedding party, and you were detained, and Mr. Barringer, at the request and consent of all parties, consented to drive the wedding party to Memphis to catch a train?

"A. It was with the consent of Mr. Walker that Mr. Barringer drove. I found that I could not go, and I selected Mr. Barringer to drive, and Mr. Walker approved that, that's true.

"Q. You considered him a reliable driver, and competent?

"A. Yes, sir, I so considered him. I thought that he was a safe and reliable driver."

The above quoted testimony convinces us:

1. That the defendant, Allan Sholars, did not select a reckless or careless or incompetent driver to drive the car in which plaintiff and his wife were riding.

2. That the defendant Allan Sholars did not have any control or authority over the automobile or its driver at the time of the accident to it in which plaintiff was injured.

3. That the driver of the automobile was competent and careful.

4. That the accident to the automobile was not caused by any negligence on the part of its driver.

5. That at the time of the accident the driver of the automobile was as much the agent of the plaintiff as he was of defendant.

In Potts vs. Pardee, 220 N. Y. 431; 116 N. E. 78, the New York Court of Appeals said:

"It has been settled by numerous authorities in this state at least when it appears, in an action against the owner of an automobile for damages sustained, that the driver was not in his employ nor engaged in his business, a plaintiff cannot recover.

"The reason underlying this rule is the general one that a party injured by the negligence of another must seek his remedy against the person whose actual negligence caused the injury, and that such person alone is liable."

In that case the court held that inasmuch as the automobile, at the time of the acident in which the plaintiff was injured, was not being driven by the defendant and the chauffeur was not employed by her nor engaged in her business nor under her control she was not liable to the plaintiff for injuries received through its negligent operation, notwithstanding her presence in the car at the time of the accident.

From all the evidence in the case we are convinced that the judgment of the District Court is correct and accordingly it is affirmed.