No. 2852

Second Circuit

———

GRIFFIN v. MOTOR TRANSIT CO. and WALLER

———

(April 10, 1930. Opinion and Decree.)

———

T. H. McGregor, of Rayville, attorney for plaintiffs, appellants.

Wilkinson, Lewis, Wilkinson & Burford, of Shreveport, attorneys for defendant, appellee.

Boone & Boone, of Many, and Wm. C. Boone, of Homer, attorneys for plaintiff, appellant.

McClendon & Seals, of Homer, attorneys for defendants, appellees.

ODOM, J. Plaintiff sued the Motor Transit Company and Dr. Lee Waller, alleged to be the sole owner thereof, for damages resulting from personal injuries caused by a collision between the automobile in which she was riding and defendants' motorbus. Defendants filed an exception of no cause of action, which was sustained, and plaintiff appealed.

Plaintiff alleged that defendants' bus ran against the car in which she was riding, turned it over, and that she was injured. Paragraph 6 of her petition reads as follows: "That said injury and damage sustained by your petitioner was and is due solely to the carelessness, recklessness and negligence of said Motor Transit Company, and of driver of said motor bus of said Motor Transit Company, for whose negligence and recklessness the said Motor Transit Company and its owner is liable."

It is not alleged that the bus was in charge of or driven by Dr. Waller, the owner, but by "a driver * * * for whose negligence and recklessness the said Motor Transit Company and its owner is liable." But it is not alleged that the driver of the bus was the agent, servant, or employee of defendants. Masters and employers are answerable for the damages caused by their servants and employees while acting within the scope and functions of their employment. Civ. Code, arts. 2317, 2320.

This rule applies to the relation between an owner of a motor vehicle and his chauffeur. Valley vs. Clay, 151 La. 710, 92 So. 308; May vs. Yellow Cab Co., 164 La. 920, 114 So. 836, 838.

In this case, it is not alleged that the relationship of master and servant existed between the owner of the bus and the driver at the time of the accident. The owner of a motor vehicle can be held responsible for its negligent operation by another only when the relationship of principal and agent or master and servant existed between the owner and operator at the time of the accident, and not then unless the servant was acting in furtherance of his master's business. For plaintiff to recover, it would necessarily have to be shown that the driver of the bus sustained such relationship to defendants as to make defendants answerable for his acts. Where no such relationship is alleged, testimony is not admissible to prove it.

In cases where it is necessary for a plaintiff to prove, in order to recover, that

a certain condition or relationship exists, it is necessary to allege that such condition or relationship does in fact exist; otherwise no cause of action is shown by the pleading. It is settled that, "in an action for an injury or damage inflicted by an automobile, an allegation and proof showing the ownership of the automobile, and that it was being operated at the time by an employee of the owner, is sufficient to make out a prima facie case and to raise the presumption that the servant was acting within the scope of his employment, and that the burden is then thrown on the owner to show to the contrary." May vs. Yellow Cab Co., supra; West vs. Kern, 88 Or. 247, 171 P. 413, 1050, L. R. A. 1918D, 924; notes 42 A. L. R. beginning on page 898.

In actions against owners of motor vehicles for damages occasioned by the negligent operation of them by persons other than the owners, mere proof of the ownership does not make out a prima facie case of liability against the owners, and the burden is not thereby shifted to the owners to show that the relationship of master and servant did not exist between him and the driver. Tice vs. Crowder, 119 Kan. 494, 240 P. 964, 42 A. L. R. 893. See, also, authorities cited supra.

Plaintiff alleged that the defendants were responsible for the negligence of the driver. But that allegation is not accompanied by an allegation of such facts as enables the court to determine as a matter of law that the defendants were in fact responsible. Plaintiff's allegations that defendants were responsible for the acts of the driver must therefore be considered as a conclusion of the pleader and not as an allegation of fact.

The judgment sustaining the exception of no cause of action is correct, and it is therefore affirmed, with costs.