OVERTON, J.
 

 This is a suit for divorce, resting upon an allegation to the effect that on various specified dates, ranging from June 7, 1929, to Aug. 31, 1929', plaintiff’s wife, the defendant herein, committed adultery with her physician. Defendant’s answer is a denial of the adultery alleged, coupled with the averment that she has always been a faithful wife, to which is at
 
 *444
 
 tached a demand in reconvention, in which defendant prays for a judgment from bed and board, on the ground that plaintiff publicly defamed her character, prior to the institution of this suit, by charging her, in the presence of others, with adultery with her physician. In her reconventional demand she also asks for alimony, pendente lite, as well as for alimony after rendition of the judgment of separation, for settlement of the community, and for an injunction to restrain plaintiff from parting with the community property, during the litigation. ■
 

 The court, on a rule to show cause, rendered judgment in favor of defendant for alimony, pendente lite, for the sum of $45 a month. On the trial of the case on the merits, there was judgment, rejecting plaintiff’s demand for a divorce, and judgment rejecting defendant’s reconventional demands.
 

 The appeal is by plaintiff from the judgment on the main demand. Defendant has answered the appeal by asking that the judgment be amended by allowing her demand in reconvention for a separation from bed and board.
 

 The evidence introduced by plaintiff on the trial to substantiate his allegation of adultery is purely circumstantial. It may be said safely that every material circumstance relied upon by plaintiff to establish that allegation has been satisfactorily explained or overcome by defendant. It would be utterly inconsistent with justice and law to do otherwise, on the record before us, than to affirm the judgment of our brother below on the plaintiff’s demand.
 

 As to the reconventional demand, we feel that there should have been judgment thereon, granting defendant a separation from bed and board for defamation of character. The evidence discloses that by plaintiff’s conduct, action, and remarks at the physician’s office, a few days before the institution of his suit, he charged defendant, in the presence of others, with the commission of adultery with her physician, and, in effect, about the same time, made the same charge to a clerk in a local hotel, and reiterated the charge to some of the wife’s relatives. The charge being without foundation in fact, it operated as a public defamation of defendant’s character. The defamation entitles defendant to a separation from bed and board. Civil Code, art. 138, par. 4.
 

 The granting of this separation is the only change defendant has asked to be made in her answer to the appeal. Therefore, the answer, by operation of law, limits us to the making of that change in the judgment. Code of Practice, art. 888. Hence, while the granting of the separation will carry with it by force of law a dissolution of the community, defendant will have to demand its settlement in other proceedings. As to the demand for alimony, pendente lite, it is not before us, as it was rendered on rule and not brought up by the appeal, which is from the judgment on the main demand, and, moreover, there is no complaint concerning it. Gormley v. Gormley, 161 La. 121, 108 So. 307. As to the demand for alimony after the rendition of the judgment for separation from bed and board, the answer to the appeal asks for no change in the judgment in that respect, and therefore while the granting of the separation may open the way for such a demand, yet, if so, defendant will have'to pursue it anew with the judgment of separation as its basis.
 

 The judgment is therefore amended by granting defendant a separation from bed and board from her husband, the plaintiff herein, and, as thus amended, the judgment is affirmed, at plaintiff’s costs.