No. 2917

**Second Circuit**

(Second Division)

———

GRIFFIN v. MOTOR TRANSIT CO. ET AL.

———

(April 9, 1931.  Opinion and Decree.)

———

124

William C. Boone, of Homer, and Boone & Boone, of Many, attorneys for plaintiff, appellant.

McClendon & Seals, of Homer, attorneys for defendants, appellees.

CULPEPPER, J. From a judgment sustaining an exception of lis pendens and dismissing plaintiff's suit, plaintiff has appealed.

However, the appeal has apparently been abandoned by appellant, as she has not made an appearance in this court or filed any brief.

The pleadings and testimony in this case show it to be the same parties plaintiff and defendants, the same cause of action, for the same object, and brought before the same court, as contained in the suit filed June 10, 1926, in the lower court, and numbered 7931 on the docket of that court.

The suit first brought was never discontinued by the plaintiff. The record shows that it was dismissed by judgment of the lower court on September 18, 1926, on an exception of no cause or right of action filed by defendants, whereupon the plaintiff prayed for and was granted an order of appeal to this court immediately upon the judgment of dismissal. The records of this court show that the judgment of the lower court was affirmed on April 10, 1930. See Mrs. Ruby Griffin v. Motor Transit Co. et al., 13 La. App. 151, 127 So. 438. The present suit was filed September 30, 1926.

Under the plain provisions of article 94 of the Code of Practice, as amended by Act No. 62 of 1918, the same cause of action cannot be brought before the same court except by discontinuing the suit first brought before the answer is filed. The article of the Code further provides that in such cases the defendant shall be entitled to have the second suit dismissed and to recover costs.

Prior to the amendment above referred to, an exception of lis pendens had no legal basis to rest on when predicated upon the pendency of a suit in the same court as that in which it is pleaded. Saint v. Martel, 126 La. 245, 52 So. 474.

Since the amendment of the Code, however, such an exception is well pleaded, as the article, as amended, is enlarged in its scope so as to prohibit the bringing of two suits on the same cause of action before the same court, unless the suit first brought shall have been discontinued by plaintiff before answer is filed. Weems v. Moise, 3 La. App. 224.

This suit is clearly within the prohibitory provisions of the Code, and the lower court was correct in sustaining the exception and dismissing the suit. The judgment is affirmed; the plaintiff to pay costs of both courts.