**STEPHENSON v. LIST LAUNDRY & DRY CLEANERS, Inc., et al.***

No. 5248.

Court of Appeal of Louisiana. Second Circuit.

June 2, 1936.

318 ▮ ▮▮▮▮▮▮▮▮▮▮

Irion & Switzer and Malcolm E. La-
fargue, all of Shreveport, for appellant.
· Barksdale, Bullock, Warren, Clark &
Van Hook, of Shreveport, for appellees.

HAMITER, Judge.

Leroy Newman, a minor about eleven
years of age, was struck and injured, dur-
ing the afternoon of March 28, 1934, by a
motor laundry truck owned by the List
Laundry & Dry Cleaners, Inc., and driven
by one Harper Clement. The accident oc-
curred near the intersection of Ford and
St. Luke streets in the city of Shreveport.

Damages for the injury sustained, which
was a simple fracture of the fibula of his
left leg, are sought in this suit brought
by the minor's mother and natural tutrix
against the owner of the truck and its in-
surer, the Central Surety & Insurance Cor-
poration of Kansas City, Mo. These de-
fendants are hereinafter sometimes re-
ferred to as insured and insurer, respective-
ly. She avers that the accident resulted
by reason of the negligent operation of the
vehicle by an agent and employee of the
insured who was acting at the time within
the scope and course of his employment
and/or agency.

Exceptions of vagueness and misjoinder
were filed by both defendants. The insurer
alone interposed pleas of lis pendens and to
the jurisdiction. The trial court overruled
all exceptions and pleas, except the plea to
the jurisdiction which was sustained.
Thereafter, the Supreme Court granted
writs and reviewed the matter. It af-
firmed the decree overruling the plea of
misjoinder, but held that the judgment sus-
taining the plea of the insurer to the juris-
diction was erroneous. The case was re-
manded for further proceedings. Stephen-
son v. List Laundry & Dry Cleaners, 182
La. 383, 162 So. 19.

Defendants then answered. The insured,
List Laundry & Dry Cleaners, Inc., denied
that the truck involved in the accident was
operated or controlled by it, or that the
accident happened in the manner alleged by
plaintiff. In the alternative, it averred ·

negligence of the injured minor. The an-
swer of the insurer admits the insuring
of its codefendant, but alleges that the
policy was issued and delivered in Texas
and contains no provision whereby it may
be sued jointly with the insured; and that
the courts of this state are without ju-
risdiction to impose liability under such
policy. In other respects, the insurer's an-
swer is the same as that of the insured.

After the case was tried on its merits, the
trial judge, as disclosed by his written opin-
ion, rejected the demands of plaintiff on
the ground that the truck driver was not
the agent of the insured, and that, there-
fore, neither it nor its insurer could be held
liable. An appeal from that judgment was
perfected by plaintiff.

It is our purpose to first consider, dis-
cuss, and decide whether or not there ex-
isted, on the occurrence of the accident,
the relationship of master and servant or
principal and agent between the owner of
the truck and the driver thereof.

■ The recognized principle of law
governing the responsibility of the own-
er of a motor vehicle for its negligent op-
eration by another is well stated in 5 Blash-
field's Cyclopedia of Automobile Law
(Permanent Ed.) § 2911, as follows:

"Liability of the owner for the negli-
gence of another in driving the machine
must be based upon his supposed control
over the driver at the time of the accident,
and, as a general rule, the owner of an
automobile is not liable for injuries negli-
gently caused by its operation by another,
the owner not being present, unless the
person in charge of it was the owner's
servant or agent, and was at the time of
the accident engaged in the master's busi-
ness or pleasure with the master's knowl-
edge and direction."

That doctrine has been uniformly fol-
lowed by the courts of this state. Griffin
v. Motor Transit Co., 13 La.App. 151, 127
So. 438; McDade v. Fulbright, 8 La.App.
529; Bardt v. Champon, 6 La.App. 763;
Walker, Jr., v. Sholars, 6 La.App. 525.

■ According to the undisputed and un-
contradicted testimony, the List Laundry &
Dry Cleaners, Inc., is a Louisiana corpor-
ation with its domicile in Shreveport.
However, no property is owned and no
business is carried on by it in the state of
Louisiana. Its business establishment is lo-
cated and maintained in Longview, Tex.,
and its laundering and cleaning operations

and service are conducted there and in that vicinity in conformity with the purpose and reason for the organization thereof. A majority, but not all, of its stock is owned by the Shreveport Laundries, Inc., a separate Louisiana corporation domiciled and operating in Shreveport, which might be termed the parent or holding company of the insured. The officers of the two companies are the same, Mr. August Goldstein being the president of each, but their stockholders are not identical.

Some time during the month of March, 1934, Mr. Goldstein ordered and required two of the insured's trucks to be brought from Longview, Tex., to Shreveport for the purpose of having new motors installed in them. They were placed in the garage owned and operated exclusively by the Shreveport Laundries, Inc., of which Mr. E. Webb, an employee of that company, is foreman. There they remained for several months pending the arrival of the motors. Ordinary and usual truck repairs are made by insured's mechanics in Longview, Tex., while the trucks are generally brought to the above-mentioned garage for motor installation.

On the day of the accident, Harper Clement, who was employed by Mr. Webb to perform cleaning work around the garage, was directed by his foreman to use one of insured's trucks in hauling trash from the garage to a designated dumping ground. While he was engaged in the execution of this order, the accident occurred.

The two above-named establishments, although shown to be holding and subsidiary companies, respectively, were distinct organizations. The fact that the parent company owned a majority of stock in the subsidiary and that the officers of each were identical does not of itself destroy their separate corporate existence. It has often been held that corporations of this nature have a right to contract with each other, and their contracts are valid, and can only be assailed on the ground that they are unfair or fraudulent. Bergenthal v. State Garage & Trucking Co., 179 Wis. 42, 190 N.W. 901; 14A Corpus Juris 125; 4 Fletcher, Corporations, § 2376. We are mindful of the doctrine permitting the disregarding of the legal fiction of the separate entity when necessary to prevent fraud, or when a corporation is operated so as to make it only an adjunct or instrumentality of another corporation; but there is nothing in the record to justify or cause the organizations in question to be viewed as one. On the contrary, the proof is ample that their respective properties and businesses were separately operated.

It is stated in 14 Corpus Juris p. 58, and quoted from approvingly in Baker v. Bowie Lumber Co., 151 La. 598, 92 So. 129, that:

"Since a corporation is a person distinct from its members or stockholders, it follows that, even though the same individuals may be the incorporators of, or own stock in, two separate corporations, and even though such corporations may have the same individuals as officers, there is no identity between the two corporations, and neither is liable for the acts or faults of the other merely because of the identity of the members or stockholders and officers. A holding corporation has a separate corporate existence, and is to be treated as a separate entity, unless the facts show that such separate corporate existence is a mere sham, or has been used as an instrument for concealing the truth."

Accordingly, Harper Clement, having been employed by and being under the direction of the garage foreman of the Shreveport Laundries, Inc., was an employee or servant of that company and not of the insured herein.

Also, we are unable to hold that the relationship of principal and agent existed. Conceding arguendo, and as plaintiff's counsel contends, that Mr. Goldstein was acting in the capacity of president and agent of the insured corporation when he directed the placing of the machines in the garage of the Shreveport Laundries, Inc., yet the evidence does not reveal that he, as such agent and officer invested the garage foreman with unlimited authority over them. To the contrary, the record is conclusive that the vehicles were there for the purpose of having their operating units replaced. When asked the specific question, "Did anyone have authority from List Laundry & Dry Cleaners to operate those trucks while here for motor installation?" Mr. Goldstein, in testifying at the trial of the case answered, "No." And this testimony is not contradicted. If Mr. Webb, by reason of his position as foreman of the garage, exercised complete charge and control of all vehicles in the garage and could and would send them out as he wished, he was acting as an employee and representative of the garage owner, the Shreveport Laundries, Inc. That company was not

made a party defendant in this cause and we are not called upon to determine its liability herein, if any. As aforestated, the authorization granted by the List Laundry & Dry Cleaners, Inc., was specific and restricted, and it cannot be concluded that Harper Clement, while hauling trash for and as an employee of the Shreveport Laundries, Inc., was acting in furtherance of the business and under the direction and control of the insured herein at the time of the accident.

■ Ordinarily, when an insured's immunity from an action is absolute, there likewise can be no action against the insurer. Harris v. Louisiana State Normal College, 18 La.App. 270, 138 So. 182; Loustalot et al. v. New Orleans City Park Improvement Ass'n et al. (La.App.) 164 So. 183.

Plaintiff's counsel, however, seriously urges that even though no responsibility exists on the part of the List Laundry & Dry Cleaners, Inc., in this particular case, its insurer and codefendant is liable. He relies on the provisions of Act No. 55 of 1930 which permit a direct action against the insurance company within the terms and limits of the policy, and also on those of the omnibus clause contained in the liability policy covering the truck, the pertinent portions of which read as follows:

"The insurance herein provided shall be available in the same manner and under the same conditions as to the named Assured, to any person or persons riding in or legally operating any automobile covered by this policy and to any person, firm or corporation legally responsible for the operation thereof; but only while it is being used for the purpose specified in the schedule and with the consent of the named Assured. * * * The unqualified term 'Assured' wherever used in this policy, shall include the Assured named in the schedule and in addition thereto, any person, firm or corporation entitled to insurance under the provisions of this paragraph, but the qualified term 'Named Assured' shall apply only to the Assured named in the schedule." (The above referred to schedule of the policy recites that the truck would be used for commercial, passenger car business, and pleasure purposes).

■ The theory of counsel's contention is that under the provisions of the omnibus clause the insurance was available to and protected the truck driver, and, if he was negligent, the insurer is liable for the re-

sulting damages. His position might be meritorious if it be found that the driver was using the truck "with the consent of the named insured," the List Laundry & Dry Cleaners, Inc. As is observed from a reading of the quoted clause, the presence of the element of consent, either express or implied, is essential for the affording of the insurance protection to the operator of the vehicle. It is argued by plaintiff's counsel that the vehicle was operated with insured's consent, because of its being operated with the consent of Mr. Goldstein, president of both the parent and subsidiary bodies, and the governing and managing officer of the corporations. This argument no doubt is predicated on the assumption and proposition that Mr. Goldstein, by employing and maintaining Mr. Webb as the garage foreman of the Shreveport Laundries, Inc., impliedly consented to the foreman's use of all trucks in the garage in whatever manner necessary in aid of that company's business; for the record is silent as to any express permission having been given by him for such use. But if we are to recognize the legal fiction of the separate corporate entity, and this we must do, it follows that the implied consent on the part of Mr. Goldstein as president of the Shreveport Laundries, Inc., if it did exist, cannot also be considered as the implied consent of the List Laundry & Dry Cleaners, Inc.

The matter of whether or not consent was granted by the named insured is a question of fact, and the burden of proving its existence is with the plaintiff. This burden has not been sustained herein. As we have heretofore stated, the uncontroverted evidence discloses that the trucks were brought to the garage of the Shreveport Laundries, Inc., for the purpose of having new motors installed, and that no one had authority to operate them while here. This, we think, is conclusive of the fact that no consent, either express or implied, was given by the insured for the use of its truck in the hauling of the trash for the Shreveport Laundries, Inc. It is well recognized that where express permission is granted for a given purpose, permission for all purposes cannot be implied. Huddy's Automobile Law, Vol. 13–14, page 407; Trotter v. Union Indemnity Co. (C.C.A.) 35 F.(2d) 104; Frederiksen v. Employers' Liability Assurance Corporation (C.C.A.) 26 F.(2d) 76. There is, therefore, no liability on the part of the insured herein.

As neither the insured nor the insurer herein mentioned appear to be responsible

for the injuries sustained, and there being no other party defendant in this cause, it is needless for us to discuss or pass upon the matter of the driver's alleged negligence and the other issues presented.

For the foregoing reasons, the judgment is affirmed.