## YOUNG v. GETER.

### No. 5221.

Court of Appeal of Louisiana. Second Circuit.

Oct. 30, 1936.

Stephens & Gahagan, of Natchitoches, for appellant.

John G. Gibbs, of Natchitoches, for appellee.

TALIAFERRO, Judge.

Plaintiff leased to defendant for the years 1933, 1934, and 1935, for a stipulated annual cash rental, the "Walmsley" place in Natchitoches parish. This suit was instituted on defendant's note for $1,650, maturing October 1, 1935, given to represent the rental due for the full term of the lease contract. Judgment for its full amount, plus attorney's fees and interest, is prayed for.

Under appropriate allegations and prayer, a writ of provisional seizure issued, under which the sheriff seized all the chattels found by him on the leased premises, including some hay, horned cattle, three mules, one horse, two turning plows, one cultivator, one disc, two sweep stocks, two side harrows, one complete blacksmith

outfit, one mowing machine, two wagons, one gasoline engine, one molasses mill and fixtures, and six sets of harness.

Defendant moved to dissolve the writ in its entirety or, in the alternative, in so far as it affects the following described property: "Two turning plows; one cultivator; one disc; two sweep stocks; two side harrows; blacksmith shop; one mowing machine; two wagons; one brown horse mule; one dark dun mule; one gasoline engine; one molasses mill; six sets of harness," for the following reasons: (1) That, if he owed the amount sued for, or any part of same, which he denies, this suit therefor is premature; (2) that the petition discloses no right or cause of action; and, in the alternative, (3) there was no legal or valid cause for the issuance of said writ; and (4) that the seized chattels are exempt from seizure and sale, even for rent, because they are the "tools and instruments necessary for the exercise" of his calling, trade, and profession of farming, "by which he gains his living and that of his family," as provided by article 2705 of the Civil Code and article 644 of the Code of Practice, as lastly amended by Act No. 183 of 1932. He avers that he was forced to employ counsel to procure dissolution of said writ and prays for judgment for $100 as actual damages sustained by him on that account.

The minutes of the court disclose that the exception of no cause of action and plea of prematurity were tried and then referred to the merits. The motion to dissolve was then tried and sustained to the extent of adjudging all of the chattels specifically described therein to be exempt from seizure and sale for rent, excepting the two mules and one wagon. Damages to cover attorney's fees to the amount of $25 were allowed.

From a judgment in keeping therewith, plaintiff prosecutes this appeal.

■ In this court there was filed what purports to be a motion to dismiss the appeal, coupled with an answer thereto, but, as this document is not signed by the appellee or his counsel, we feel constrained to ignore it. All pleadings, answers, etc., in a court of record must be signed by the pleader or his counsel or by an attorney in fact, and verified by appropriate affidavit when such is required by law. Article 172 of the Code of Practice; Act No. 157 of 1912, as amended by Act No. 300 of 1914.

■ There is no testimony in the record fixing the value of the chattels released from seizure by the lower court, and it is suggested that for this reason we are without jurisdiction of the appeal. This suggestion has been met by affidavit of appellant filed here, in which he swears that said property is worth $300. This is sufficient. Murff v. Louisiana Highway Commission, 180 La. 664, 157 So. 383, and authorities therein cited.

■ In brief, appellee complains of the judgment because two of the mules were not released from seizure, and of the insufficiency of the amount of attorney's fees allowed for dissolving the writ of provisional seizure. Amendment of a judgment in favor of an appellee may only be secured through filing of answer to the appeal. Code of Practice, arts. 591, 592, 887, 888, 889; Graff v. Fazende, 172 La. 441, 134 So. 387; Commercial Bank v. Shanks, 129 La. 861, 56 So. 1028.

There remains for determination the question whether the lower court erred or not in holding, under the facts of the case, that the released chattels were exempt from seizure for rent, under the terms of the third paragraph of article 2705 of the Civil Code and article 644 of the Code of Practice, as amended, it not being disputed that defendant earns a living for himself, wife, and four children by the pursuit or occupation of farming, and the testimony clearly showing—in fact, appellant's counsel admitting—that the released chattels are necessary to the successful conduct of his farming operations.

Notwithstanding that article 2705 of the Civil Code, as presently composed, has been therein since 1870, the Supreme Court of this state, until now, has not been called upon to say whether the pursuit or occupation of farming is a "trade" or "profession" within the meaning and intendment of the exemption set up in the third paragraph of that article. The case at bar definitely presents that question, the answer to which is fraught with a maximum of interest and far-reaching consequences to both the tenant element and landlords of the state. Therefore, in view of the importance of the primary issue involved, and two propositions corollary thereto, we certified to the Supreme Court three questions of law arising in the case and asked for instructions, as is authorized by section 25 of article 7 of the Constitution.

Our request for instructions has been answered by a lengthy but not unanimous opinion of the Supreme Court; and, in the interest of brevity, we shall not here repeat the opinion and instructions at length, as they appear in full in 170 So., pages 240 to 244.

We adopt these instructions as the law applicable to the issues involved, and incorporate them herein as our opinion in the case.

The dissenting opinion of Chief Justice O'Neill, concurred in by Justices Rogers and Odom, appears in full in 170 So., pages 243 to 244.

For the reasons herein given, the judgment appealed from is affirmed, with costs.