## STATE ex rel. YOUNG v. JUDGE OF TENTH JUDICIAL DIST. COURT, STATE OF LOUISIANA, FOR NATCHITOCHES PARISH et al.
### No. 5445.

Court of Appeal of Louisiana.
Second Circuit.

Feb. 5, 1937.

Russell E. Gahagan, of Natchitoches, for relator.

John G. Gibbs, of Natchitoches, for respondents.

DREW, Judge.

This case is before us on application for writs of mandamus and prohibition. Relator alleged by petition in this court that he is the plaintiff and appellant in suit No. 5424 on the docket of this court on appeal from the Tenth judicial district court for Natchitoches parish, La. The said case, styled O. L. Young, Sr., v. H. W. Geter, No. 22,399 on the docket of the Tenth judicial district court, was tried on its merits on or about December 2, 1936, resulting in judgment in favor of defendant, rejecting the demands of plaintiff, dissolving a writ of provisional seizure sued out by plaintiff, and awarding defendant, as plaintiff in reconvention, judgment in the amount of $985.45; that the judgment was rendered and signed oh December 3, 1936; that an appeal was asked for and the lower judge granted a suspensive and devolutive appeal which was perfected by relator by furnishing an appeal bond in the sum of $3,200, which bond was filed on December 9, 1936.

Relator further shows that the original suit was filed by him against the respondent H. W. Geter for the amount of $1,650, for rent alleged to be due. Respondent denied owing anything to relator and reconvened, praying for judgment against him for moneys due and for damages caused by an alleged assault and battery. He further shows that the appeal was returned to this court within the time fixed by law and by the lower judge; that notwithstanding the perfecting by him of a suspensive appeal, respondent on December 19, 1936, filed a petition in the lower court and had rule to issue to relator and the sheriff of Natchitoches parish, La., ordering both of them to show cause on December 23, 1936, at an hour fixed by the court why that part of the judgment rendered against relator wherein the provisional seizure was dissolved should not be decreed to be final and executory, for the reason no appeal had been taken therefrom. To the rule, relator filed an exception to the jurisdiction, an exception of prematurity, and answered the rule. The exceptions were referred to the merits and the rule tried, at which time the exceptions were overruled and the rule made absolute, the lower court holding there had been no appeal taken from that part of the judgment dissolving the writ of provisional seizure and ordered the sheriff to deliver the property seized under said writ to its owner, H. W. Geter.

He alleged notice to the lower judge and respondent of his intention to apply for writs of certiorari, mandamus, and prohibition. He prayed for writs of prohibition and mandamus to issue by us directed to James W. Jones, Jr., district judge, H. W. Geter, original defendant, B. S. Swett and W. M. Payne, clerk and sheriff, respectively, of the parish of Natchitoches, prohibiting and restraining them from further proceedings in this case, and the execution of any part of the judgment rendered below until final disposition of the case had been made.

Acting on said petition, writs of prohibition issued by us to the judge, original defendant, clerk and sheriff of Natchitoches parish, La., forbidding them from further proceeding in said case and commanding each of them to show cause on a day, date, and hour fixed by us why the writ of prohibition should not be made perpetual; and further ordered the clerk of court, B. S. Swett, to produce in this court on that date the entire record and transcript in the rule tried on December 23, 1936, on the docket of said court, and to show cause why it should not be filed here on said date. On the day fixed the clerk produced and filed the record, and all parties filed answers to said rule. The case was argued and is now before us for determination.

220

The facts as set out in relator's petition are substantially correct. The original suit was filed on August 23, 1935, and has been continuously in court since that date. It was in this court once before on a matter not relevant to a decision now of the issues before us. Judgment on the merits in the lower court was rendered on December 2, 1936, and the judgment read and signed in open court on December 3, 1936. There was only one judgment rendered and it is as follows, as shown by the minute entry of December 2, 1936:

"D. L. Young, Sr. v. H. W. Geter.

"Case heretofore tried and taken under advisement by the court, judgment now rendered as follows: exception of no cause of action and exception and plea of prematurity overruled, and to stand as part of the answer. The court finds that the defendant is entitled to credit of $3036.11 on his crop operations less rent note of $1650.00, of the sum of $1386.11, and $200 damages for being deprived of the use of his mules; $100 damages as attorney's fees for dissolving the writ of attachment; $200 for damages to defendant's eye and $100 for pain and suffering. Writ of sequestration dissolved, demands of plaintiff rejected at his costs. The sum of $860.66 now on deposit in the Peoples Bank to be paid to the defendant by the said Peoples Bank. The sum of $140 in the hands of the Natchitoches Cotton Oil Mill is to be paid to defendant. Property under seizure ordered released."

The judgment as signed, is as follows:

"This cause having been regularly tried and submitted and the law and evidence being in favor of the defendant, and against the plaintiff, and for the reasons orally assigned:

"It is ordered, adjudged and decreed that there be judgment herein in favor of defendant, rejecting the demands of plaintiff, and judgment for defendant, H. W. Geter, plaintiff in reconvention, and against the original plaintiff, O. L. Young, Sr., in the sum of Nine Hundred Eighty-six and 45/100 Dollars, being the balance due plaintiff in reconvention after having given each party credit for the respective amounts to which it has been found they are entitled, said amount to bear interest from judicial demand (February 11, 1936) until paid;

"It is further ordered, adjudged and decreed that the Peoples Bank is hereby directed to deliver to H. W. Geter the Eight Hundred Sixty and 66/100 Dollars deposited with said Bank on December 18, 1935, as per agreement between counsel and the Bank's receipt therefor.

"It is further ordered, adjudged and decreed that the Natchitoches Oil Mill, Ltd., is authorized and directed to deliver unto H. W. Geter the sum of One Hundred Forty Dollars, being proceeds of cotton seed on hand with said Company as shown by the Sheriff's appraisement, marked Defendant ———.

"It is further ordered, adjudged and decreed that the writ of sequestration in its entirety is set aside and dissolved and the Sheriff is ordered and directed to deliver to defendant, H. W. Geter, all of the property that was seized under said writ and shown by the inventory herein, except the proceeds from cotton and cotton seed hereinabove referred to. Plaintiff to pay all costs of this suit.

"Judgment rendered in open Court on December 2, 1936. Read aloud and signed on this the 3rd day of December, 1936.

"Jas. W. Jones, Jr., Judge."

On the same day, in open court, counsel for plaintiff, relator here, made motion for an appeal. The minutes of that date show the following entry:

"O. L. Young, Sr. v. H. W. Geter.

"Judgment read and signed. Motion for appeal made by plaintiff and appeal granted, returnable to the Honorable Court of Appeal, Second Circuit, sitting at the city of Shreveport, both suspensive and devolutive, returnable on or before January 4th, 1937; devolutive appeal bond fixed at $200 and suspensive according to law."

Pursuant to said order of court, on December 9, 1936, relator filed with the clerk of court the following bond:

"State of Louisiana, Parish of Natchitoches

"Tenth Judicial District Court

"Appeal Bond

"O. L. Young, Sr., v. H. W. Geter
"No. 22,399

"Know all men by these presents that we, O. L. Young, Sr., as principal, and L. H. Johnson and G. H. Pierson, as surety, do acknowledge to owe and be indebted to B. S. Swett, Clerk of the Tenth District Court, for the Parish of Natchitoches, Louisiana, or his successors in office, in the sum of Thirty-two Hundred and No/100 Dollars, for which amount we do hereby bind ourselves, our heirs and assigns firmly and in

solido. Dated and signed at Natchitoches, Louisiana, this 4th day of December, 1936.

"Now the conditions of the above obligation are such that whereas the above bounden O. L. Young has obtained an order from the Hon. Tenth District Court, for the Parish of Natchitoches, Louisiana, granting him a suspensive and devolutive appeal to the Hon. Court of Appeal, Second Circuit of Louisiana, returnable to said Honorable Court on the 4th day of January, 1937, from a certain definitive judgment rendered and signed in the above entitled and numbered cause.

"Now, therefore, if the above bounden O. L. Young shall prosecute his appeal and shall satisfy whatever judgment may be rendered against him and that same shall be satisfied by the proceeds of the sale of his estate, real and personal, then this obligation to be null and void, otherwise to remain in full force and effect."

The record was lodged in this court on December 16, 1936.

A careful perusal of the record in the original suit discloses that the only writ prayed for and the only one issued was a writ of provisional seizure. The minute entry of December 2, 1936, shows damages of $100 allowed for. dissolving a writ of attachment and also shows a writ of sequestration dissolved. At no place do the minute entries disclose that the writ of provisional seizure was dissolved and the judgment is also silent as to disposition of the writ of provisional seizure. It does disclose a writ of sequestration was dissolved, which was not prayed for and never issued. These irregularities, if they can be so considered, seem to have escaped the eye of counsel for either party.

The property appraised as seized under the writ of provisional seizure issued herein consisted of movables, appraised by order of court for the purpose of fixing the amount of a forthcoming bond, in the sum of $1,189. A part of these movables was released from seizure by a judgment of this court, acting on instructions from the Supreme Court. See Young v. Geter (La. App.) 170 So. 410. The property held to be exempt from seizure and is no longer under seizure reduces the appraised value to $946. The moneyed judgment in favor of defendant in reconvention is for $985.45. The combined amount of the moneyed judgment and the value of the property supposed to be under seizure is $1,931.45, and a bond for one and one-half times the combined amount would be $2,897.18. The bond executed and filed by relator is for $3,200.

We mention this for the reason counsel for defendant contends that the insufficiency of the bond tends to show there was no intention to appeal from anything but the moneyed judgment. The question of sufficiency of the bond is, of course, not a matter with which we are concerned. It belongs properly in the district court (Act No. 112 of 1916, as amended).

■ Respondent's contentions are that relator did not ask for a suspensive appeal, but only for an appeal, and that it was necessary for the appeal to have been specifically prayed for from that part of the judgment dissolving the writ of provisional seizure. We fail to find any merit in either contention. Articles 573, 574, and 579 of the Code of Practice do not require that either the petition, motion for appeal, or appeal bond shall state whether it is a suspensive or devolutive appeal that is applied for. It is the character of the bond and the time within which it is filed that determine the nature of the appeal. Grant v. Succession of Grant, 159 La. 535, 105 So. 611.

■ In this case the bond was filed within six days after the judgment was signed, which was within the time prescribed for taking a suspensive appeal. The order of court granted a suspensive and devolutive appeal. The bond recites that the appeal was suspensive and devolutive. It is clear, therefore, that relator tried, at least, to perfect a suspensive appeal. There was only one judgment and the appeal prayed for was from that judgment in its entirety. We know of no rule of law and have been cited to none which requires two separate appeals from one judgment rendered against one person, and are at a loss for any good reason to establish such a rule. The question of the sufficiency of the bond to sustain such appeal from a judgment such as this is a different question. The proper place to settle that is in the court of original jurisdiction and, if there it be found that the bond is insufficient to maintain the appeal, the right to supplement the bond is given appellant by Act No. 112 of 1916, as amended. The question of bond was not tested in the proceedings below. The district judge in answer to the rule justified his act upon the theory that relator did not specifically pray for an ap-

peal from the dissolution of the writ. He states that if he had prayed for it, he would have granted it. We are of the opinion the motion for appeal made by relator was sufficient for the order of appeal which was granted and that the appeal granted was from the entire judgment.

It therefore follows that the writs of prohibition heretofore issued herein are now perpetuated. It is unnecessary to pass on the exceptions filed by relator; costs of this procedure to be paid by the respondent H. W. Geter.