PONDER, Justice.
 

 In August, 1935, O. L. Young, Sr., instituted suit against H. W. Geter on a note for $1,650 covering the rent of a farm for the years, 1933, 1934, 1935. The rent was $550 per year. The defendant admitted signing the note but claimed that he thought he was signing a rent contract. The defendant by way of reconvention claimed $6,509.33. Among the items set forth in the defendant’s reeonventional demand was an item for $850 for injury to Geter’s eye caused by an assault and battery committed by Young on Geter while on the leased premises. The defendant asked for judgment for the amount of $6,-509.33 and in the alternative for such amount, plus $250, less the amount of the rent note. Prior to the trial of the case on its merits, two different angles of this case were passed on by the Court of Appeal. See Young v. Geter, 170 So. 410; State ex rel. Young v. Judge, 172 So. 218. The case was tried on its merits and the lower court rendered judgment in favor of the defendant Geter in the sum of $986.-45. The plaintiff appealed from this judgment to the Court of Appeal, Second Circuit. The Court of Appeal in Young v. Geter, 174 So. 661, held that the lower court was in error in admitting evidence on the item in defendant’s reeonventional demand for damages caused by the assault and battery for the reason that the offense was not necessarily connected with and incidental to the main demand. The Court of Appeal remanded the case to be tried de novo on its merits in accordance with the views expressed in its opinion. After the case was remanded to the lower court, H. W. Geter instituted suit against O’. L. Young, Sr., seeking judgment for an amount similiar to that claimed by Geter in his reeonventional demand in the suit of Young v. Geter, No. 22,399. Counsel for Geter moved to consolidate the suit of
 
 *925
 
 Geter v. Young, No. 22,899 and Young v. Geter, No. 22,399 for the purpose of trial. Counsel for Young interposed a plea of lis pendens setting forth that the suit Young v. Geter, No. 22,399, had not been abandoned, dismissed or nonsuited and is now pending. The trial court overruled the exception of lis pendens and the motion to consolidate. The trial court maintained a plea of abandonment, holding that Geter had abandoned his reconventional demand in the suit of Young v. Geter. The case was tried on its merits and the lower court rendered judgment in favor of H. W. Geter in the sum of $3,279.42 with interest from judicial demand. Included in this judgment was an award of $1,000 to Geter for the loss of his eye occasioned by Young’s assault and battery. The defendant Young has appealed.
 

 It appears that Geter in his reconventional demand in the suit of Young v. Geter only asked for $850 for the injury to his eye and the evidence taken in that suit shows that the eye was impaired but the vision was not entirely lost. In the instant suit it is alleged that the eye is completely lost and the plaintiff asked for $4,-000 for such. The evidence shows that Young struck Geter while on the leased premises at the time that Young was checking up the movable property owned by Geter on the leased premises with a view of seizing it. The evidence shows that the injury to Geter’s eye was occasioned by the blow he received from Young. It appears that Geter is about sixty-seven years of age. The lower court only allowed Geter $1,000 for the loss of his eye. We find an answer to the appeal in the record asking that the judgment be increased. The lower court allowed Geter $2,279.42 for various transactions between Geter and Young during the three years of the lease and prior thereto. The evidence is very conflicting. ' While we are doubtful of that award to the extent allowed by the lower court, yet the award of the lower court for $1,000 for the loss of Geter’s eye is inadequate. Geter is entitled to $3,000 for the loss of his eye and as near as we can figure it he is entitled to $1,500 as a balance due him from the various transactions with Young. In our opinion the judgment of the lower court should be increased to $4,500.
 

 We were not favored with an oral argument by counsel for the defendant. However, counsel has- favored us with a brief. In the brief it is strenuously urged that the lower court erred in overruling the plea of lis pendens. In support of this contention counsel cites Article 94 of the Code of Practice:
 

 “The same cause can not be brought before the same or separate courts, though they be possessed of concurrent jurisdiction, except by discontinuing the' suit first brought before the answer is filed. The judge before whom the action is first brought shall sustain his jurisdiction, and the defendant shall be entitled to have the cause dismissed in the other suit or by the other court, and to recover costs. Nevertheless, if the defendant, instead of claiming to be dismissed, should answer in the actions so brought against him, the judgment first rendered shall be valid and ex-
 
 *927
 
 ecutory. Proceedings shall be stayed in the other suit or in the other court, as the case may be, and the plaintiff dismissed after paying the costs.”
 

 He cites Griffin v. Motor Transit Company, et al., 16 La.App. 123, 133 So. 456; Alliance Trust Company Ltd. v. Paggi-Streater Co. et al., La.App., 155 So. 413.
 

 The defendant urges that the position of the defendant reconvening is that of plaintiff and defendant; so that, although the reconventional demand may be inserted in the answer, it is not considered a. part of the answer, but as a petition setting forth the distinct cause of action, citing Powell v. Graves, 14 La.Ann. 860. It is also urged that the reconventional demand is therefore subject to the rules applicable to plaintiff in a formation of pleas, etc., McMasters v. Palmer, 4 La.Ann. 381; Stroud v. Beardslee, 2 Mart., N.S., 84; White v. Moreno, 17 La. 371.
 

 When the Court of Appeal remanded the case of Young v. Geter to the lower court, it dismissed Geter’s claim for the loss of his eye. If it were not for that fact there would be some merit in the defendant’s contention. In the brief of counsel for the defendant it is admitted that the plea of lis pendens is of no effect as to this claim and counsel only urges it as to the other items claimed in the plaintiff’s petition. By such, the counsel accentuates the fact that the two suits are not now, presently, based on the same causes of action. Both of these suits were pending in the lower court and the lower court refused to consolidate them for trial. This Court has frequently approved the consolidation of . cases for trial with the view of curtailing unnecessary litigation. Moreover, all the evidence taken in both suits was filed in evidence in the lower court, and is part of the record before us. Yarious phases of this controversy have been entertained by the Court of Appeal and in one instance the'Court of Appeal certified questions for-this Court to determine with reference to a phase of this controversy. Young v. Geter, 185 La. 709, 170 So. 240, 107 A.L. R. 608. It appears that all parties have had full opportunity to present .their evidence and under the circumstances in this case the controversy should be finally determined and the case disposed of. The defendant’s counsel has urged no reason to show that the defendant has been injured by the action of the trial court in overruling his exception of lis pendens and appears to be relying on a bare technicality. Such being the case, the plaintiff would have to show clearly that he is entitled to have the exception sustained which the record in this case does not bear out. The two suits are not based on the same causes of action in that there is included in one a claim for damages for an assault and battery causing the loss of an eye, which is not included in the other.
 

 Furthermore, all of the demands under the doctrine laid down in the case of Burson v. Hamilton, 144 La. 46, 80 So. 194, could have been contained in the same suit since ■ neither is contrary to or precludes the other. That suit was similiar and almost identical to the instant one. The court held in that suit that the claim for damages for an as
 
 *929
 
 sault and battery and the claim for the value of one-half of a cotton and corn crop could be properly cumulated for the reason that both claims arose from the violation of a contract of employment.
 

 For the reasons assigned, the judgment appealed from is amended by increasing the award of damages to plaintiff to $4,500 and, as thus amended, the judgment is affirmed at defendant-appellant’s cost.
 

 O’NIELL, C. J., does not take part.